**U.S. Department of Justice**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 AUG 30  A 11: 56

CLERK'S OFFICE
AT BALTIMORE

BY _____ /kwt  DEPUTY

*United States Attorney*
*District of Maryland*
*Northern Division*

*Rod J. Rosenstein*
*United States Attorney*

*Tamera L. Fine*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4806*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4462*
*Tamera.Fine@usdoj.gov*

July 30, 2010

Charles L. Waechter, Esquire
1435 Sulphur Spring Rd
Baltimore, MD 21227

Re:    United States v. William Wagner
       Criminal No. RDB-10-0329

Dear Mr. Waechter:

This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by August 16, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial are as follows:

    a.    defendant knowingly distributed,

    b.    any visual depiction,

    c.    that has been shipped or transported interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer,

  d. the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and

  e. such visual depiction is of such conduct.

## Penalties

  3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: mandatory minimum of 5 years imprisonment and a maximum of 20 years imprisonment, followed by supervised release for life and up to a $250,000.00 fine. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

  a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

  b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the

Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. The parties agree that the appropriate base offense level is 22 under U.S.S.G. §2G2.2(a)(2).

   b. An additional two levels is appropriate pursuant to U.S.S.G §2G2.2(b)(2) because the visual depictions found on defendant's computer included depictions of pre-pubescent children engaged in sexually explicit conduct.

   c. An additional two levels is appropriate pursuant to U.S.S.G §2G2.2(b)(3) because the defendant distributed for other than pecuniary gain or other thing of value.

   d. An additional two levels is appropriate pursuant to U.S.S.G §2G2.2(b)(6) because the attempted receipt and possession of the images involved the use of a computer.

   e. An additional five levels is appropriate pursuant to U.S.S.G §2G2.2(b)(7)(D) because the defendant possessed more than 600 images.

   f. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   g. This Defendant's adjusted offense level is 30.

7. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors,

potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

        8.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Obligations of the United States Attorney's Office

        9.    At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

        10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Registration as a Sex Offender

        11.    The defendant understands and agrees that as a consequence of his conviction for the crime or crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

### Forfeiture

        12.    The Defendant agrees to forfeit to the United States all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including the following:

- One (1) ACER computer SN PSP370600664109A612701
- One (1) Maxtor hard drive SN UA092ZTC
- One (1) Beige computer no serial number
- One (1) Compaq Presario computer SN CNY4470QWC
- One (1) Xbox SN 500733342805
- One (1) PlayStation 3 SN CL049250046-CECHL01
- One (1) Canon Powershot 5400 SN 6421308159
- One (1) IPod 30 GB SN 2Z7374HYV9M
- One (1) Western Digital Caviar hard drive SN   WCAS87558152

-Forty-seven (47) optical disks
-Four (4) thumb drives and/or flash drives

13. The Defendant agrees to assist fully the United States in the forfeiture of the foregoing assets. The Defendant agrees to take all steps necessary to pass to the United States clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

14. The Defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets. It is further understood that, in the event that the United States files a civil action pursuant to 18 U.S.C. § 981 or 21 U.S.C. § 881 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the Defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim. It is further understood that the Defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

15. The Defendant agrees to identify all other assets and identify the sources of income used to obtain all other assets, including identifying all assets derived from or acquired as a result of, or used to facilitate the commission of, any crime charged in the Indictment. The United States reserves the right to proceed against any remaining assets not identified in this agreement, including any property in which the Defendant has any interest or control.

### Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 121 months; (ii) and this Office

reserves the right to appeal any term of imprisonment to the extent that it is below 97 months' imprisonment.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

   17. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

   18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any

sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Tamera L. Fine
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8/5/10
Date                                                     William R. Wagner

I am William R. Wagner's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8/5/10
Date                                                     Charles L. Waechter, Esquire

# EXHIBIT A
# STIPULATED FACTS

The defendant hereby stipulates and agrees that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt, and that these facts are true. The defendant also stipulates and agrees that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Defendant William Wagner, age 32, is a resident of Nottingham, Maryland.

1. During all times relevant to the Indictment, Defendant traded child pornography – depictions of minors engaged in sexually explicit conduct – over the internet.

2. On January 29, 2009, Detective (DET) Thomas Bradley, Harford County Sheriff's Office, Bel Air, MD, working in coordination with a FBI Baltimore undercover operation, connected to the Internet in an undercover capacity and utilized a version of LIMEWIRE P2P software to conduct a search of the GNUTELLA network.

3. Using search terms such as "10yo," "11yo," "hussyfan," "Lolita," "pedo," "pthc," "r@ygold," and "mafiasex," DET Bradley conducted a search for files on the GNUTELLA network using eP2P. Through his training and experience, DET Bradley was aware there would be visual depictions of minor engaged in sexually explicit conduct that include the aforementioned terms in their title. The search results indicated IP address 173.64.90.83 was sharing files associated with one or more of these terms.

4. DET Bradley then utilized the eP2P "browse host" command, which enabled him to view the list of files that IP address 173.64.90.83 offered for download, or had available to share, which contained approximately 413 files, of which approximately 228 were image or video files. The vast majority of images and video files had titles suggesting they contained visual depictions of minors engaged in sexually explicit conduct.

5. Beginning at approximately 5:52 PM EST on January 29, 2009, DET Bradley utilized the eP2P software to download twenty-four (24) image and video files from IP address 173.64.90.83. A sample of the image and video files are labeled and described in relevant part as follows:

   a. 12yo_posing_55.jpg – close-up image of a pre-pubescent female, approximately 12 years of age, using her fingers to open her vagina. The National Center for Missing and Exploited Children (NCMEC) database identified the female in the image as a known victim of child pornography.

   b. 10yo_little_girl_(01.2005_new) [884719E6].jpg - image of a pre-pubescent female, approximately 8 to 10 years of age, laying on her

Page 9

      back, with her knees brought up around her face, exposing her vagina and anus.

c.   ...Child pussy 5- Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo 9yo kiddie porn r@yg.jpg – image of a pre-pubescent female, approximately 6 to 10 years of age, sitting on the floor, with her knees brought up around her chest, exposing her vagina.

d.   ...CHILD SEX 98 - Witch nudist naked penis preteen vagina little girls ass 6yr panties gay hussyfan 7yo lolitaguy 8yr pussy pedo kiddie porn r@ygold -.jpg - image of a pre-pubescent female, approximately 6 to 10 years of age, sitting on the floor, exposing her vagina. An advertisement on the image is listed as www.lolitaspro.com, Russian Lolitas. Professional series.

e.   Pthc 12 - Year - Mother Films 12 Year Old Daughter Giving 14 Year Old Son A Blow.mpg – video of a pre-pubescent female, approximately 12 to 14 years of age, performing oral sex with an unidentified male.

6.   Subsequent investigation revealed that IP address 173.64.90.83 was assigned to William Wagner, 24 Pine Chip Court, Nottingham, Maryland, 21236.

7.   On July 1, 2009, members of the Maryland State Police responded to 24 Pine Chip Court, Nottingham, Maryland, 21236, and were greeted by William Wagner. Wagner stated he used peer to peer file sharing software application LimeWire to download child pornography, and consented to the search and seizure of the following items:

    -One (1) ACER computer SN PSP370600664109A612701
    -One (1) Maxtor hard drive SN UA092ZTC

Both of the items were transported to the Maryland State Police, Criminal Investigations Division, and processed per Maryland State Police handling policies and procedures.

8.   In a separate investigation, on September 4, 2009, members of the FBI Baltimore Cyber Crimes squad executed a federal search warrant of the residence located at 24 Pine Chip Court, Nottingham, Maryland, 21236. During a consensual interview with the Defendant, he told the FBI about the execution of a state search warrant at his residence in July 2009. Wagner also indicated child pornography would again be found on the computers currently utilized exclusively by him at the residence.

9.   The following is a description of the items seized from the residence located at 24 Pine Chip Court, Nottingham, Maryland, on September 4, 2009:

-One (1) Beige computer no serial number
-One (1) Compaq Presario computer SN CNY4470QWC
-One (1) Xbox SN 500733342805
-One (1) PlayStation 3 SN CL049250046-CECHL01
-One (1) Canon Powershot 5400 SN 6421308159
-One (1) IPod 30 GB SN 2Z7374HYV9M
-One (1) Western Digital Caviar hard drive SN  WCAS87558152
-Forty-seven (47) optical disks
-Four (4) thumb drives and/or flash drives

An analysis of the equipment and media seized identified 271 image and video files of child pornography, including 79 video files and 192 image files, including the files downloaded from defendant's computer during the investigation of the case.

I have read this factual stipulation and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. If this case were to be tried, the government could prove these facts and more. The facts stated above are true, and I do not wish to change any part of this stipulation. I am completely satisfied with the representation of my attorney.

8/5/10
Date

_____
William R. Wagner

I am William R. Wagner's attorney. I have carefully reviewed every part of this factual stipulation with him. He advises me that he understands and agrees that it is accurate. To my knowledge, his decision to enter into this stipulation is an informed and voluntary one.

8/5/10
Date

_____
Charles L. Waechter, Esquire

Page 11